IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LEE DANIELS, #205 694, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-14-MHT |
| | ) | [WO] |
| D.O.C., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 complaining that another inmate attacked him because of a lack of sufficient security in his dorm. Plaintiff names as defendants former Commissioner Kim Thomas, the Alabama Department of Corrections ["ADOC"], Warden Louis Boyd, and Officer D. Smith. Upon review, the court concludes that dismissal of Plaintiff's claims against former Commissioner Thomas, Warden Boyd, and the ADOC is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. DISCUSSION**

*A. ADOC*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). Plaintiff's claims against the ADOC are "based on an

indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B. Commissioner Kim Thomas and Warden Boyd*

Plaintiff names former Commissioner Kim Thomas and Warden Boyd as defendants to this cause of action. Other than naming Defendants Thomas and Boyd as defendants, Plaintiff makes no allegations of wrongdoing against these individuals. *See Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (holding that a district court properly dismisses defendant where a prisoner, other than naming the defendant in the caption, states no allegations that connect the defendant with the alleged constitutional violation); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Further, the complaint may not proceed against Defendants Thomas and Boyd based on their supervisory position.

To the extent Plaintiff seeks to impose liability on Defendants Thomas and Boyd because of the alleged wrongdoing by their subordinates, such claim is due to be dismissed. Supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability absent proof of actual personal involvement in the alleged wrongdoing. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his]

2

actions . . . and the alleged constitutional deprivation."). Plaintiff makes no allegation of constitutional violations against Defendants Thomas or Boyd nor does he indicate these individuals were personally involved in the constitutional violations about which he complains. *See Cottone*, 326 F.3d at 1360. Plaintiff's complaint against Defendants Thomas and Boyd is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). *See Neitzke*, 490 U.S. 319.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's complaint against Defendants Thomas, Boyd, and the Alabama Department of Corrections be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii);

2.  Defendants Thomas, Boyd, and the Alabama Department of Corrections be DISMISSED as parties to the complaint; and

3.  This case regarding the remaining defendant be referred to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 29, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 15th day of April, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE